*United States v. McCall*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty.

PRESENT:
> RALPH K. WINTER,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                         No. 19-465

WILLIAM MCCALL,

> *Defendant-Appellant.*

———————————————————————————

FOR DEFENDANT-APPELLANT:              SAMUEL F. CALLAHAN (R. Stanton Jones, Andrew T. Tutt, *on the brief*), Arnold & Porter Kaye Scholer LLP, Washington, DC.

FOR APPELLEE:                                    WON S. SHIN (Stephanie Lake, Sarah K.
                                                 Eddy, *on the brief*), Assistant United States
                                                 Attorneys, *for* Geoffrey S. Berman, United
                                                 States Attorney for the Southern District
                                                 of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 8, 2019, is **AFFIRMED**.

William McCall appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) imposing a 160-month sentence of incarceration to be followed by a life term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On October 1, 2018, McCall pleaded guilty to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846. When he entered his plea, McCall had two prior felony convictions. The District Court considered these to be predicate offenses for the purposes of § 4B1.1(a) (the "Career Offender Guideline") of the U.S. Sentencing Guidelines ("Guidelines" or "USSG").[1] Accordingly, after concluding that McCall's conviction for Section 846 narcotics conspiracy was a "controlled substance offense" within the meaning of USSG § 4B1.2(b), the District Court determined that McCall should be sentenced under the Career Offender Guideline. That determination, in turn, resulted in the

---

[1] USSG § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

District Court's calculation of McCall's total adjusted offense level as 31, which, with a criminal history category of VI, resulted in a Guidelines recommended range of 188 to 235 months' incarceration.

On appeal, McCall does not contest that his prior felony convictions are predicate offenses for purposes of the Career Offender Guideline. He argues only that his sentence was procedurally unreasonable because (he further submits) convictions for Section 846 narcotics conspiracy are not "controlled substance offense[s]" within the meaning of the Career Offender Guideline. *See* USSG § 4B1.2(b). The applicability of the Career Offender Guideline to convictions for Section 846 narcotics conspiracy was not settled law in our Circuit when the sentencing hearing was held.[2] As we have explained, however, "[w]here we identify procedural error in a sentence, but the record indicates that the district court would have imposed the sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted).

In sentencing McCall, the District Court conducted a careful and unhurried review in open court of the relevant sentencing factors as they applied to McCall. As the sentencing transcript demonstrates, in fashioning McCall's sentence, the District Court was not anchored to or (in the District Court's own words) "slavishly following" a particular Guidelines range. App'x 85. Rather, it focused on the specific circumstances of McCall's conviction: McCall's offense, the court explained, was "a really serious offense" that involved "a really deadly drug." App'x 92, 95. Moreover, McCall "seem[ed] incorrigible"—he had "a number of priors, and it seems that prior terms of incarceration haven't done the trick." App'x 92, 100. As the judge explained, those considerations had driven his initial

---

[2] The question has since been decided. In *United States v. Tabb*, this Court recently held that "Application Note 1 [to USSG § 4B1.2] was intended to and does encompass Section 846 narcotics conspiracy," and so concluded that convictions under that statute "properly serve[] as a predicate [offense] for [a defendant's] sentencing enhancement." 949 F.3d 81, 89 (2d Cir. 2020). McCall nevertheless argues that *Tabb* is not controlling, among other reasons, on the ground that it and the precedent upon which it relies, *United States v. Jackson*, 60 F.3d 128 (2d Cir. 1995), are inconsistent with the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). We need not address that argument here, though, because—as we explain—if any procedural error was committed, it was harmless.

3

inclination to impose a sentence of 180 months' imprisonment. On the other hand, the District Court observed, McCall had "legal employment at various stages," had done "some things that are kind and nice and generous," and had sought to take advantage of educational opportunities while in prison. App'x 108, 124. In light of these positive factors, the District Court wanted "to signal that [it] believe[d] in [McCall] to some extent," and ultimately decided to "come down 20 months" to a sentence of 160 months' imprisonment. App'x 124-25.

In addition, at the outset of the sentencing hearing, after announcing its determination with respect to the parties' dispute over whether a Section 846 narcotics conspiracy conviction constituted a "controlled substance offense," the District Court stated without equivocation:

> [E]ven if I'm wrong, even if the Second Circuit or the Supreme Court turns around and says we don't think [a Section 846 narcotics conspiracy conviction] . . . is a controlled substance offense, however they characterize it, it is not going to change my sentence here. They could call it a crime of kindness and generosity if they want. Really what is going to drive this sentencing are the facts and circumstances of this crime, which involved the actual distribution to an undercover of drugs, serious ones, the seizure of more serious drugs. That coupled with the prior convictions is going to drive the sentencing here.

App'x 85. This assertion does not control our decision. *See, e.g.*, *United States v. Feldman*, 647 F.3d 450, 460 (2d Cir. 2011) ("Nor do we believe that criminal sentences may or should be exempted from procedural review with the use of a simple incantation: 'I would impose the same sentence regardless of any errors calculating the applicable Guidelines range.'"). Combined with the full transcript of the sentencing proceedings, however, it does tend to confirm our conclusion that the District Court was focused on the facts and circumstances of McCall's case, as opposed to the recommended length of incarceration based solely on application of the Career Offender Guideline or any other Guidelines provision.

On this record, we are left with no doubt that the District Court would have imposed the same sentence even had it concluded that the Guidelines recommended a range other than 188 to 235 months' imprisonment (*e.g.*, the 120-to-150-month range that McCall argues

4

correctly applies in his case). We therefore affirm because we can conclude with confidence that any procedural error in the District Court's Guidelines calculation—and we do not decide that there was such an error—is harmless because it did not affect the sentence ultimately imposed on McCall.

* * *

For the reasons set forth above, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5